**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MACHININGCLOUD, Inc., et al.
Plaintiff(s),

v.

KENNAMETAL INC., et al., Defendant.

Case No.  2:25-cv-02158-SB-AJR
Case No. 2:25-cv-10745-SB-AJR
(Case No. 2:25-cv-10745-SB-AJR is closed and consolidated with Case No. 2:25-cv-02158-SB-AJR)

**SECOND AMENDED STIPULATED PROTECTIVE ORDER**

## I.    PURPOSES AND LIMITATIONS

A.    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the

protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.    **GOOD CAUSE STATEMENT**

A.    This action is likely to involve trade secrets and intellectual property, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, confidential technological information involving backend algorithms, code, designs, and processes, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to

ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

B.     Further, good cause exists for a multi-tiered, protective order that designates certain material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – FINANCIAL," "ATTORNEYS' EYES ONLY," "OUTSIDE ATTORNEYS' EYES ONLY", and "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" since this case involves allegations against businesses in the same industry relating to the parties' proprietary technology that may require production of highly confidential source code, product design, financial, customer, and supplier information, the disclosure of which to the other parties would damage the disclosing party.

## III.     DEFINITIONS

A.     Action: The action titled *MachiningCloud, Inc. et al., v. Kennametal Inc.*, Case No. 2:25-cv-02158-SB-ADS, which is pending in the United States District Court for the Central District of California.

B.     "ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive CONFIDENTIAL information that: (1) constitutes proprietary, design documentation, research and development, technical data or information, or commercially sensitive

competitive information that the Producing Party maintains as highly confidential in its business, the disclosure of which to the opposing party is likely to cause significant harm to the competitive position of the disclosing party; or (2) information that has independent value from the fact that it is not known by others, and which is the subject of reasonable efforts to protect its secrecy.

C.      Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

D.      "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that the Producing Party believes in good faith is not generally known to others, and that the Producing Party: (a) is under a duty to not reveal to non-parties except in confidence or has undertaken with others to maintain in confidence, (b) believes in good faith is protected by a right to privacy under federal or state law, or (c) believes in good faith to constitute or to contain private personal or medical information of individuals or competitively sensitive and/or proprietary information not otherwise known or available to the public.  "Confidential" information shall include all materials reflecting Confidential information, including but not limited to copies, summaries, and abstracts of the foregoing.

E.      Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

F.      Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – FINANCIAL," "ATTORNEYS'

EYES ONLY," "OUTSIDE ATTORNEYS' EYES ONLY", or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE".

G.    Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

H.    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and who is not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action.

I.    "HIGHLY CONFIDENTIAL – FINANCIAL" Information or Items: Highly sensitive CONFIDENTIAL information, data, or material produced or disclosed in this action that contains, reflects, or reveals sensitive, non-public financial information of any party, including but not limited to: financial statements, balance sheets, income statements, profit and loss statements, cash flow statements, budgets, forecasts, projections, revenue reports, pricing strategies, cost analyses, expense information, tax documents, audits, accounting records, banking records, compensation information, financial agreements, valuation reports, and any other financial documentation or data that may reasonably be expected to impact, inform, or relate to the calculation of damages or valuation of the parties' claims in this action. This designation shall be applied to financial information whose disclosure to competitors, market participants, or other third parties could result in substantial harm to the disclosing party's competitive or financial position.

J.      House Counsel: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

K.      Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

L.      "OUTSIDE ATTORNEYS' EYES ONLY" Information or Items: Information produced only by a Non-Party that the Designating Party believes in good faith is not generally known to others and that it would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, the disclosure of which to House Counsel of any Party may cause competitive or commercial harm.  Information designated as OUTSIDE ATTORNEYS' EYES ONLY may be disclosed only to Outside Counsel of Record and their supporting personnel and may not be disclosed to any House Counsel.

M.      "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items: Extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms, logic, or structure of software or hardware designs, disclosure of which to another party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

N.      Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which

has appeared on behalf of that party, and includes support staff.

O.      Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

P.      Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

Q.      Privileged Material: Information that is protected by the attorney-client privilege or work product protection, as defined by Federal Rule of Evidence 502(g).

R.      Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

S.      Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – FINANCIAL," "ATTORNEYS' EYES ONLY," "OUTSIDE ATTORNEYS' EYES ONLY", or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

T.      Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.   SCOPE**

A.      The protections conferred by this Stipulation and Order cover not only Protected Material and Privileged Material (as defined above), but also (1) any information copied or extracted from Protected Material or Privileged Material; (2)

7

all copies, excerpts, summaries, or compilations of Protected Material or Privileged

Material; and (3) any testimony, conversations, or presentations by Parties or their

Counsel that might reveal Protected Material or Privileged Material.

B.      Any use of Protected Material at trial shall be governed by the orders of

the trial judge.  This Order does not govern the use of Protected Material at trial.

## V.    DURATION

A.      Once a case proceeds to trial, all of the information that was designated

as CONFIDENTIAL, HIGHLY CONFIDENTIAL – FINANCIAL, ATTORNEYS' EYES

ONLY, OUTSIDE ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES

ONLY – SOURCE CODE, or maintained pursuant to this Order shall be governed by

the confidentiality procedures set forth by the trial judge, if any; that may modify this

protective order.  However, a Party will not seek to introduce a non-party's OUTSIDE

ATTORNEYS' EYES ONLY information into the public record and will use alternate

means, e.g., by sealing, or by seeking re-designation of such information prior to trial

according to the terms of this protective order.

## VI.    DESIGNATING PROTECTED MATERIAL

A.      Exercise of Restraint and Care in designating Protected Material.

1.      Each Party or Non-Party that designates information or items for

protection under this Order must take care to limit any such designation to specific

material that qualifies under the appropriate standards.  The Designating Party must

designate for protection only those parts of material, documents, items, or oral or

written communications that qualify so that other portions of the material,

8

documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2.    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified and that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3.    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.    Manner and Timing of Designations

1.    Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.    Designation in conformity with this Order requires the following:

a.    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), "HIGHLY CONFIDENTIAL – FINANCIAL" (hereinafter "HIGHLY CONFIDENTIAL legend"), "ATTORNEYS' EYES ONLY" (hereinafter "ATTORNEYS' EYES ONLY legend"),

"OUTSIDE ATTORNEYS' EYES ONLY" (hereinafter "OUTSIDE ATTORNEYS' EYES ONLY" legend) or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" (hereinafter "SOURCE CODE legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

      b.     For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, or in writing within thirty (30) days of the Designating Party's receipt of a final transcript.

      c.     For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – FINANCIAL," "ATTORNEYS' EYES ONLY," "OUTSIDE ATTORNEYS' EYES ONLY", or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C.     Inadvertent Failure to Designate

      1.     If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII.   CHALLENGING DESIGNATIONS

A.   Timing of Challenges

1.   Any party or Non-Party may challenge a designation at any time that is consistent with the Court's Scheduling Order.

B.   Meet and Confer

1.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

C.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the CONFIDENTIAL, HIGHLY CONFIDENTIAL – FINANCIAL, ATTORNEYS' EYES ONLY, OUTSIDE ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII.   ACCESS TO AND USE OF PROTECTED MATERIAL

A.   Basic Principles

1. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

2. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

3. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, must sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and serve it upon the Producing Party with an indication of which category(ies) of Protected Information the Expert will be shown, the current curriculum vitae of the Expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or consulted for within the last four years and a brief description of the subject matter of the consultancy or employment. Service of this information shall be made at least ten (10) days before access to the Protected Material is to be given to that consultant or expert if the Designating Party is a Party, and at least twelve (12) business days before such access is to be given if the Designating Party is a Non-Party. The Designating Party may, within the applicable ten (10) or twelve (12) day time period, object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert, in which case the Protected Material shall not be so disclosed while the

12

objection is pending. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of notice of the intent to disclose Protected Information if the Designating Party is a party, and within twenty-eight (28) days of receipt of notice of the intent to disclose Protected Information if the Designating Party is a Non-Party, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

4.    Any individual who is designated to review certain categories of Protected Information pursuant to Section VIII(C)(1)(b) or Section VIII(D)(1)(b) of this Protective Order must sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and serve it upon the Producing Party with an indication of which category(ies) of Protected Information the Expert will be shown, a copy of their current curriculum vitae or a comparable professional profile (such as a LinkedIn page or personal biography) and a brief description of their affiliation with the Receiving Party (if not already included in the curriculum vitae or comparable professional profile). Service of this information shall be made at least five (5) business days before access to the Protected Material is to be given to that consultant or expert, and the Designating Party may within that five (5) business day time object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the designated individual, in which case the Protected Material shall not be so disclosed while the objection is pending. The Parties agree to promptly confer and use good faith to resolve

13

any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of notice of the intent to disclose Protected Information, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

B. Disclosure of "CONFIDENTIAL" Information or Items

1. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a. The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b. The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and to whom no objection has been made or is pending;

d. The Court and its personnel;

e. Court reporters and their staff;

f.       Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.       The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.       During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

i.       Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

C.       Disclosure of "HIGHLY CONFIDENTIAL – FINANCIAL" Information or Items

1.       Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – FINANCIAL" only to:

15

a.  The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.  One House Counsel representative of the Receiving Party's in-house legal team and one employee of a Party (1) who either has responsibility for making decisions dealing directly with the litigation of this action or who is assisting Outside Counsel of Record in preparing for proceedings in this action; (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (3) to whom no objection has been made or is pending;

c.  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and to whom no objection has been made or is pending;

d.  The Court and its personnel;

e.  Court reporters and their staff;

f.  Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.  The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.  Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

2.    HIGHLY CONFIDENTIAL – FINANCIAL Information or Items shall not be disclosed to any other representative, employee, or officer of any Receiving Party unless such information is provided in a summarized, aggregated, or otherwise anonymized form, from which specific underlying data points cannot be reasonably discerned. The Receiving Party shall ensure that any such summaries of HIGHLY CONFIDENTIAL – FINANCIAL information do not reveal sensitive or proprietary details, such as individual transaction amounts, specific pricing figures, identifiable customer data, or other detailed financial metrics, which could be competitively harmful if disclosed.

D.    Disclosure of "ATTORNEYS' EYES ONLY" Information or Items

1.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.    One House Counsel representative of the Receiving Party's in-house legal team and one advisor, employee, or consultant of a Party (1) who either has responsibility for making decisions dealing directly with the litigation of this action or who is assisting Outside Counsel of Record in preparing for

proceedings in this action; (2) who does not have competitive decision-making authority; (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (4) to whom no objection has been made or is pending;

      c.     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and to whom no objection has been made or is pending;

      d.     The Court and its personnel;

      e.     Court reporters and their staff;

      f.     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

      g.     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      h.     During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the witness's name appears on the face of the Protected Material and/or the witness is a creator, custodian, sender, or recipient of the Protected Material;  and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the

Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

i.       Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

E.       Disclosures of "OUTSIDE ATTORNEYS' EYES ONLY" Information or Items:

1.       The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

2.       Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) to whom no objection has been made or is pending;

3.       The Court and its personnel;

4.       Court reporters and their staff;

5.       Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

6.       The author or recipient of a document containing the

information or a custodian or other person who otherwise possessed or knew the information;

       7.     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

   F.     Disclosures of "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items:

       1.     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

       2.     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) to whom no objection has been made or is pending;

       3.     The Court and its personnel;

       4.     Court reporters and their staff;

       5.     Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

       6.     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

7.    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

G.    For Protected Material designated by a Party as "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," the following additional restrictions apply:

1.    Access to a Party's source code material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) shall include a full-size keyboard, mouse, and two monitors. The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs G(h and k) below. Additionally, except as provided in paragraph G(k) below, the stand-alone computer(s) may only be located at the offices of the Producing Party's outside counsel or its vendors.

2.    The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's source code material at the offices of its outside counsel or its vendors shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the

21

prosecution or defense of this Action.

3.      The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced source code material on the stand-alone computer(s).

4.      The Producing Party will produce source code material in computer searchable format on the stand-alone computer(s) as described above.

5.      Access to source code material shall be limited to outside counsel and up to three (3) outside consultants or experts (*i.e.,* not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access (including by following the disclosure rules in § VIII.A.3 and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)) such Protected Materials.  A Receiving Party may include excerpts of source code material in an exhibit to a pleading, expert report, or deposition transcript (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

6.      To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE.

7.      Except as set forth in paragraph G(k) below, no electronic copies of source code material shall be made without prior written consent of the Producing Party, except as necessary to create documents that, pursuant to the Court's rules, procedures, and order, must be filed or served electronically.

8.      The Receiving Party shall be permitted to make a reasonable number of printouts and photocopies of as much source code material as is reasonably necessary, which shall presumptively be limited to a total of ten (10) physical copies, all of which shall be designated and clearly labeled OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE, and the Receiving Party shall maintain a log of all such files that are printed or photocopied.  As to printouts of a third party's source code, 250 pages of printouts is presumptively reasonable.

9.      Should such printouts or photocopies be permissibly transferred back to electronic media, such media shall be labeled OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE and shall continue to be treated as such.

10.      If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of source code material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the source code material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the source code material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably

necessary to transport the printouts or photocopies *(e.g.,* a hotel prior to a Court proceeding or deposition).

11.    A Producing Party's source code material may only be transported by the Receiving Party at the direction of a person authorized under paragraph G(e) above to another person authorized under paragraph 11(e) above, on paper or removable electronic media *(e.g.,* a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express, or other similarly reliable courier.  source code material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

12.    The Receiving Party may request that commercially available licensed software tools for viewing and searching of Source Code Material be installed on the stand alone computer(s) for purposes of the review. The Receiving Party must provide the Producing Party with the CD, DVD, or website link(s) containing the software tool(s) to be installed on the stand-alone computer(s). Not later than five (5) business days (or in the case of a third party, twenty (20) business days) after the Receiving Party provides to the Producing Party the CD, DVD, or website link(s) for the requested software tools and any necessary software license, the Producing Party shall install and make the requested software tools available for use on the stand-alone computer provided that the requested search software is compatible with the operating system, and other software necessary to make the source code available for inspection, installed on a Source Code Review computer(s), does not prevent or impede the Receiving Party's access to the source code material produced for inspection on Source Code Review computer(s) and does not side-step any of the security features enabled on a Source Code Review computer(s). The

Receiving Party shall not use any compilers, processing tools, machine learning tools, or artificial intelligence tools in connection with the Producing Party's Source Code Material. Electronic devices, including cell phones and laptops, and devices capable of copying, photographing, or recording are not permitted to be brought by reviewers into the source code review room. In the case of non-Party source code, Notes may only be taken in bound notebooks that prominently contain a legend on the cover identifying the case name, number, note take's contact information, and the phrase "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" may not be verbatim copied into the notes.

H.   For Protected Material designated by Non-Party (*e.g.*, Revalize Inc.) as "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," the following additional restrictions apply:

1.    Access to a Non-Party's source code material shall be provided exclusively on a "stand-alone" computer that is not connected to any network, including a local area network (LAN), intranet, or the Internet.   The only exception shall be temporary network access for the purpose of allowing the inspecting experts of the Receiving Party to download onto the source-code computer the specific tools reasonably necessary to conduct the source-code review during the inspection, as set forth in paragraph H(12).  Producing Party shall provide, at the inspection site, a copy of the source code on an encrypted external storage device, which Receiving Party may download onto their stand-alone computer.  At the conclusion of each inspection day, the stand-alone computer shall

25

remain secured at the inspection location. Upon completion of the inspection, and before removing the stand-alone computer from the inspection site, Receiving Party shall securely wipe the entire hard drive of the standalone computer (resulting in the deletion of the source code stored on the standalone computer) and any other storage medium attached to the stand-alone computer.  Prior to wiping the hard drive, Receiving Party's inspecting experts may provide a storage device to Producing Party containing the source code and notes to be printed (as addressed in paragraphs H.7 and H.8 below), so that the materials can be preserved and printed before the hard drive is wiped.

2.    The stand-alone computer may be connected to  a printer, but shall not be connected to any device capable of storing electronic copies of the source code, except as set forth in the preceding paragraph. Except as set forth in the preceding paragraph, the stand-alone computer(s) may only be located at the offices of the Producing Party's outside counsel or its vendors.

3.    Upon the Receiving Party's written notice provided at least seven (7) days in advance, the Producing Party shall provide the Receiving Party's expert with uninterrupted access to the source code and stand-alone computer from 8:00 a.m. to 6:00 p.m. on non-holiday weekdays for no fewer than five (5) consecutive non-holiday weekdays, so as to permit a continuous and meaningful review of the source code. Upon the Receiving Party's written notice provided at least seven (7) days in advance, the Producing Party shall make the source code available for additional inspection sessions on non-holiday weekdays for no fewer than three (3) consecutive non-holiday weekdays. The Parties shall cooperate in good faith to ensure that issues involving scheduling and the location and manner

in which the Producing Party's source code materials are maintained and produced to not impede or delay Receiving Party's ability to efficiently and effectively review the source code computer.

4.    At least forty-eight (48) hours before the scheduled inspection begins, the Producing Party shall provide in writing the Receiving Party (via counsel) with information explaining how to decrypt the storage device referenced in paragraph H.1 above in order to access the produced source code material.

5.    The Producing Party will produce source code material in computer searchable format on the storage device.

6.    Access to source code material shall be limited to outside counsel and up to three (3) outside consultants or experts who shall be identified in writing by the Requesting Party to the Producing Party at least seven days prior to production of the source code. The consultants and experts shall  not be existing employees or affiliates of a Party or a competitor of a Party or the Producing Party and shall be retained for the purpose of this litigation and approved to access (including by following the disclosure rules in § VIII.A.3 and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)) such Protected Materials.  A Receiving Party may include excerpts of source code material in an exhibit to a pleading, expert report, or deposition transcript (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders. To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code

Exhibit will be stamped and treated as OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE.

7.     During any source code inspection, the Receiving Party's expert may take notes directly on the source code computer and/or in bound notebooks. The notes may include any observations, analysis, descriptions, summaries, and excerpts derived from the source code as reasonably necessary in the ordinary course of the expert's review and analysis. The notes may include limited quoted portions of source code, including individual lines and excerpts, together with file paths, line numbers, citations, and explanatory descriptions, as is reasonably necessary to document, support, or explain the expert's analysis. Any such notebook, and each page of any printed notes, shall prominently display a legend identifying the case name, number, note taker's contact information, and the phrase "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." The Receiving Party may print its notes generated during the inspection, and any such notes under this paragraph H(7) shall not count toward any page-printing limitation set forth in Section H(9).

8.     The Receiving Party may, during the inspection and/or by written request following the inspection, print up to twenty-five (25) pages of source code. The Receiving Party may substitute pages within that allotment by deleting previously printed pages, in which case the Producing Party shall promptly provide replacement pages so that the total number of retained printed pages does not exceed twenty-five (25), without such substitutions counting as additional pages. If

the Receiving Party reasonably determines that additional pages are necessary for analysis, expert review, deposition preparation, motion practice, or trial, the Producing Party and Receiving Party shall meet and confer in good faith within three (3) business days of the Receiving Party's request. If the parties are unable to reach agreement, the Receiving Party may promptly submit the dispute to the Court for resolution.

i.     If the Producing Party provides paper copies of any of the source code, the Receiving Party shall ensure that its outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the source code material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the source code material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies *(e.g.,* a hotel prior to a Court proceeding or deposition).

ii.     If the Producing Party provides paper copies of any of the source code, the Receiving Party's outside counsel, consultants, or experts shall be permitted to make a reasonable number of printouts and photocopies of as much source code material as is reasonably necessary, which shall presumptively be limited to a total of ten (10) physical copies, all of which shall be designated and clearly labeled OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE, and the Receiving Party shall maintain a log of all such files that are printed or photocopied.

iii.     Should such printouts or photocopies be permissibly

transferred back to electronic media, such media shall be labeled OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE and shall continue to be treated as such.

9.      Except as set forth herein in Sections H(1), H(7) and H(8), the Receiving Party shall not copy, photograph, transcribe, remove, or otherwise transfer any portion of the source code onto paper, any recordable media or device or any other device or media. The Producing Party may visually monitor the activities of the Receiving Party's representative during any source code review, but only to ensure there is no unauthorized, recording, copying, transcribing or transmission of the source code. Such observation shall not include review of, access to, or monitoring of the content of the expert's notes, work product, screen activity, keystrokes, or analysis and shall not interfere with or impede the inspection in any manner.

10.      Except as set forth in paragraphs H.1, H.7-8 above, no electronic copies of source code material shall be made without prior written consent of the Producing Party or by order of the Court.

11.      To the extent Receiving Party is permitted by paragraph H.8 to copy portions of Producing Party's source code, those printed materials may only be transported by the Receiving Party at the direction of a person authorized under paragraph 9(e) above to another person authorized under paragraph 11(e) above, on paper or removable electronic media *(e.g.,* a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express, or other similarly reliable courier.  Source code material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

30

12.     The Receiving Party may install commercially available, licensed software tools on its stand-alone computer for viewing and searching Source Code Material on the stand-alone computer solely for purposes of the source code review.   The Receiving Party shall not use any compilers, processing tools, machine learning tools, or artificial intelligence tools in connection with the Producing Party's Source Code Material.  In the case of Revalize, the Receiving Party's experts shall only be permitted to use the following software tools:

i.     Microsoft 365 Apps for Enterprise: Word, Excel, PowerPoint, and OneNote (64-bit, Current Channel, the latest stable release version available at the time of the inspection)

ii.     Open-Source Software (Primary Tooling): Notepad++ v.8.6x (64-bit, License GPL v3)

iii.     Visual Studio Code v1.x (Latest stable release, License: MIT) [Extensions (Open Source): C/C++ Extension (Microsoft, open source components, Java Extension Pack (open source components)

iv.     GitHub Desktop (Open-Source Build) v3.x (License: MIT)

v.     Open-Source PDF and Document Review: SumatraPDF v3.5.x (64-bit) [Alternative if annotation is required, License:GPL v3) and Okularv24.x (Windows build, GPL v2)

vi.     Open-Source Linux Environment (via Windows Subsystem for Linux): Windows Subsystem for Linux (WSL 2) - Ubuntu 24.04 LTS (License: Mixed open source licenses, fully updated at time of inspection, additional packages: libimage-exiftool-perl)

vii.        ExifTool (vialibimage-exiftool-perl) v12.x (License: Artistic License/GPL)

viii.        File (Un)Archiver: 7-zip (GNU LGPL license and BSD-3 clause)

13.    With respect to Revalize source code, Revalize shall provide a complete clone of the repository containing all available   released versions of source code (i.e., versions released on or after April 28, 2020) developed by Revalize for the Kennametal platform, including all CPQ code that is custom to Kennametal or otherwise relates to the Kennametal platform. The clone shall preserve the full .git (or comparable version-control system) directory for each released version in Revalize's possession, custody, or control.

14.    Electronic devices, including cell phones and laptops, and devices capable of copying, photographing, or recording are not permitted to be brought by reviewers into the source code review room.

## IX.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

A.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –FINANCIAL," "ATTORNEYS' EYES ONLY," "OUTSIDE ATTORNEYS' EYES ONLY", or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" that Party must:

1.    Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

32

2.    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

3.    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –FINANCIAL," "ATTORNEYS' EYES ONLY," "OUTSIDE ATTORNEYS' EYES ONLY", or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**X.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

A.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –FINANCIAL," "ATTORNEYS' EYES ONLY," "OUTSIDE ATTORNEYS' EYES ONLY", or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation

is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    Make the information requested available for inspection by the Non-Party, if requested.

C.    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

34

**XI.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

A.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**XII.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

A.    Pursuant to Fed. R. Evid. 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

1.    Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any Privileged Material shall not waive the privilege or protection in the particular action in which the disclosure is made, or any other federal or state proceeding, for either that Privileged Material or the subject matter of that Privileged Material, unless there is an intentional waiver of the privilege or protection to support an affirmative use of the Privileged Material in support of the Party's claim or defense, in which case the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3).

2.      The Parties intend that this Order shall displace the provisions of Fed. R. Evid. 502(b)(l) and (2). That is, all disclosures not made to support an affirmative use of the Privileged Material in support of a Party's claim or defense shall be regarded as "inadvertent," and the Producing Party is hereby deemed to have taken "reasonable steps to prevent disclosure."

3.      If the underlying claim of privilege or protection is contested, the Parties shall comply with, and the requesting Party may promptly seek a judicial determination of the matter pursuant to, Fed. R. Civ. P. 26(b)(5)(B). In assessing the validity of any claim of privilege or protection, the Court shall not consider the provisions of Fed. R. Evid. 502(b)(l) and (2) but shall consider whether timely and otherwise reasonable steps were taken by the Producing Party to request the return or destruction of the Privileged Material once the Producing Party had actual knowledge of (i) the circumstances giving rise to the claim of privilege or protection and (ii) the disclosure of the Privileged Material in question.

4.      If, during this Action, a Party determines that any Privileged Material disclosed by another Party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection, the Receiving Party shall: (A) refrain from reading the Privileged Material any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered documents believed to be privileged or protected; (C) identify the Privileged Material, and (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Privileged Material, along with any notes, abstracts, or compilations of the content

thereof. If the Producing Party intends to assert a claim of privilege or other protection over information identify by the Receiving Party as Privileged Material, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Privileged Material that is consistent with the requirements of the Federal Rules of Civil Procedure.

5.    The terms of this Section apply to any Privileged Material produced by any Non-Party in this Action.

6.    By operation of the Parties' agreement and this Order, all Parties and Non-Parties are specifically afforded the protections of Fed. R. Evid. 502(d) and (e).

## XIII.   MISCELLANEOUS

A.    Right to Further Relief

1.    Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.    Right to Assert Other Objections

1.    By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

C.    Filing Protected Material

1.    A Party that seeks to file under seal any Protected Material or Privileged Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material or Privileged Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIV.    FINAL DISPOSITION

A.    After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies

that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B.      Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

C.      Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: February 3, 2025            **STUBBS ALDERTON & MARKILES, LLP**

By:      */s/ Michael Sherman*
         Michael Sherman, Esq.
         Neil Elan, Esq.
         Alexander Davis
         Emmanuel Hurtado, Esq.
         Attorneys for Plaintiffs

Dated: February 3, 2025          **KILPATRICK TOWNSEND & STOCKTON LLP**


By:      */s/ Rishi Gupta*
         Mehrnaz Boroumand Smith, Esq.
         Rishi Gupta, Esq.
         Sarah Kamran, Esq.
         Cecelia A. Rivera, Esq.
         Attorneys for Defendant


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


Dated:_____2/03/2026_____          _____
                                        HONORABLE A. JOEL RICHLIN
                                        United States Magistrate Judge

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issue

by the United States District Court for the Central District of California on [DATE] in

the case of _____ [insert formal name of the case and the

number and initials assigned to it by the Court].  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in

the nature of contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print or

type full name] of _____ [print or type full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

41